1   **WILLIAMS & SEEMEN**
    – A PROFESSIONAL LAW
2   CORPORATION –

3   ANTOINE **D**. WILLIAMS (SBN: 255716)
    **B**ART **A**. **S**EEMEN (SBN: 261895)
4   5900 SEPULVEDA BLVD. SUITE #432
    SHERMAN OAKS, CALIFORNIA 91411
5   Phone: (818) 898-3300 | Fax: (818)574-3006

6   Attorneys for James Butler

7

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  **JAMES BUTLER**, an individual,        COMPLAINT FOR DAMAGES:

14                PLAINTIFF,                 CASE NO.:

15       v.

16                                          1) **UNREASONABLE SEARCH AND SEIZURE**
    **CITY OF BEVERLY HILLS**; a               **(42 U.S.C. § 1983);**
17  public entity, and DOES 1 through
    50, inclusive,
18                                          2) **EXCESSIVE FORCE (42 U.S.C. § 1983);**
                  Defendants.
19                                          3) **FIRST AMENDMENT VIOLATION (42**
20                                             **U.S.C. § 1983);**

21                                          4) **DUE PROCESS VIOLATION (42 U.S.C. §**
22                                             **1983);**

23                                          5) **MUNICIPAL LIABILITY (42 U.S.C. §**
24                                             **1983);**

25                                          6) **VIOLATION OF 52.1 OF THE**
26                                             **CALIFORNIA CIVIL CODE (TOM BANE**
                                               **ACT VIOLATION);**
27

28                                          7) **BATTERY;**

**8) FALSE IMPRISONMENT;**

**9) UNLAWFUL ARREST;**

**10) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

1.      PLAINTIFF JAMES BUTLER, an individual (hereinafter "BUTLER" or "PLAINTIFF") hereby bring this Complaint for Damages against Defendants CITY OF BEVERLY HILLS (hereinafter "CITY") an Does 1-50, inclusive.

2.      Defendant CITY is a public entity that includes the Beverly Hills Police Department (hereinafter "BHPD"). This action seeks compensatory and punitive damages from individual Defendants including employees of BHPD and Defendants DOES 1 through 50 for violations of state law and fundamental rights under the United States Constitution in connection with the unlawful detention, arrest and use of excessive force against PLAINTIFF on July 23, 2020, by Defendant CITY, Deputies or employees including Defendants DOE Police Officers 1-50.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331, 1343, and 1367. This action is brought by PLAINTIFF for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution, the laws of the State of California and common law principles.

4.     At all relevant times to the facts underlying the present complaint, PLAINTIFF is and was a resident of Los Angeles County, California at the time of the allegations set forth herein.

5.     Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

6.     PLAINTIFF herein timely and properly presented his government tort claims to Defendants CITY and Does 1-50 on January 19, 2021 (within six months of the incident) pursuant to Cal. Gov. Code § 910 et seq. on preserving PLAINTIFF'S state law claims against Defendants CITY and DOES 1 through 50. The CITY served PLAINTIFF was a Notice of Insufficiency on February 1, 2021. On February 8, 2021, PLAINTIFF presented an Amended Government Claim to the CITY. On March 26, 2021, the CITY rejected PLAINTIFF'S tort / government claims by Notice of Rejection of Government Claim sent by mail on March 26, 2021. This action is timely filed within six months of said rejections and within all applicable statutes of limitations. This court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in this court.

## THE PARTIES

7.     PLAINTIFF JAMES BUTLER is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

8.     At all relevant times, Defendant CITY OF BEVERLY HILLS is, and was, a duly organized public entity existing under the laws of the State of California that includes the Beverly Hills Police Department (BHPD). DEFENDANT CITY is a chartered subdivision of the State of California with the capacity to be sued.

9.     DEFENDANT CITY is responsible for the actions, omissions, negligence, policies, procedures, practices, and customs of its various agents and agencies, including the BHPD and its agents and employees such as Defendants

DOES 1 through 50. At all relevant times, DEFENDANT CITY was responsible for assuring that and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

10.     At all relevant times, Defendants DOES 1 through 50 were employees of Defendant CITY. At all times relevant, Defendants DOES 1 through 10 were an employee and/or agent of Defendant CITY and each of these individual Defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the BHPD as well as under the color of the statutes and regulations of the State of California. Defendants DOES 1 through 10 are sued both as employees, agents, representatives and/or servants of Defendant CITY and sued in their individual capacities for damages only. At all relevant times, Defendants DOES 1 through 50, inclusive, were duly authorized employees and agents of Defendant CITY, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as officers and law enforcement agents and with the complete authority and ratification of their principal, Defendant CITY.

11.     The true names of Defendants DOES 1 Through 50, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12.     Defendants DOES 1 through 50, as duly sworn peace officers, were specifically authorized by Defendant CITY and to perform the duties and responsibilities of sworn officers and law enforcement officers of the BHPD, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as employees of BHPD and as law enforcement officers for Defendant CITY. DOES 1 through 50 are also sued herein in their individual

capacity and in their official capacity as peace officers of the BHPD. Said Defendant City condoned, acquiesced and/or ratified all of the acts and omissions complained of herein.

13.   In doing all of the acts and omissions hereinafter described, Defendants DOES 1 through 50, as duly sworn peace officers, were acting on the implied and actual permission and consent of the Defendant CITY and acting under the color of law as BHPD employees.

14.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

15.   All of the acts complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## **FACTUAL ALLEGATIONS**

16.   PLAINTIFFs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

17.   BUTLER is an African- American male.

18.   The City of Beverly Hills has a long and well-documented history of racially profiling and discriminatory police practices against African Americans.

19.   In 1995, the City of Beverly Hills was sued by a group of African Americans alleging that BHPD stopped and harassed African Americans without reasonable suspicious at a disproportionately high rate. As a result of that lawsuit and part of the settlement, the City of Beverly Hills set up a Human Relation Commission to deal with issues of racial profiling. The racial discrimination continues: of the 106 people arrested by the BHPD "safer streets" taskforce between

March 2020 and July 2021, 105 were Black.[1]

20.     Racial tension within the CITY was at a crescendo in the summer of 2020. In response to the murder of George Floyd in Minneapolis Minnesota on May 25, 2020, several protests were organized throughout the country in the following weeks.

21.     Due to the CITY's long history of racially discriminatory police practices, several protests against racially motivated police violence were organized to take place in the CITY

22.     BUTLER is a well-known activist and the founder of the Black Future Project, an organization whose identity is built on demands of defunding the police and dismantling structural racism.

23.     As the founder of the Black Future Project, BUTLER has been featured in several media publications and was well-known to the BHPD prior to the incident.

24.     On June 12, 2020, BUTLER organized a peaceful protest in the City of Beverly Hills.

25.     As a result of BUTLER'S protest activity on June 12, 2020, the City of Beverly Hills passed Emergency Ordinance No. 20-0-2813. The ordinance limited residential assemblies to no more than ten people between the hours of 9 p.m. and 8 a.m.

26.     In response to the unconstitutional ordinance, BUTLER and the Black Future Project organized a second peaceful protest in the City of Beverly Hills on June 26, 2020.

27.     On June 26, 2020, a group of approximately 100 peaceful protesters lead by BUTLER assembled on Santa Monica Blvd., in the City of Beverly Hills after 9 p.m.

28.     BUTLER and 25 other protesters were arrested for violating

---

[1] *Available at:* https://www.theguardian.com/us-news/2021/sep/01/beverly-hills-police-taskforce-lawsuit-racial-profiling

COMPLAINT

Emergency Ordinance No. 20-0-2813.

29.     The June 26, 2020, protests and mass arrests received widespread media attention. BUTLER as a spokesperson for Black Future Project spoke out publicly regarding the June 26, 2020, arrests including publicly identifying the substandard conditions of the Beverly Hills City Jail.

30.     BUTLER was quoted in various media outlets such as the Los Angeles Times and LA Magazine as well as the Beverly Hills Press and Beverly Hills Courier.

31.     On October 12, 2020, the City of Beverly Hills filed criminal misdemeanor charges against BUTLER for the June 26, 2020, protests based on a violation of Emergency Ordinance No. 20-0-2813.

32.     On March 19, 2021, the Honorable Mark E. Windham of the Los Angeles Superior Court ruled that the Beverly Hills Emergency Ordinance No. 20-0-2813 was unconstitutional and dismissed all charges against BUTLER and the other protesters.

33.     After his release from custody from the June 26, 2020, protest and arrest, BUTLER continued his outspoken critics of the Beverly Hills Police Department in traditional media outlets as well as social media.

34.     BUTLER was well known to the BHPD as the organizer of the protests taking place in the City of Beverly Hills.

35.     On July 23, 2020, BUTLER organized another peaceful protest to take place in the City of Beverly Hills. The protested began with BUTLER giving a speech to his follower protesters, who then began to march from Beverly Hills High School towards Santa Monica Boulevard.

36.     Although the march was entirely peaceful and prior to the arbitrary 9 p.m. curfew imposed by the unconstitutional Emergency Ordinance No. 20-0-2813, the Beverly Hills Police Department immediately declared an unlawful assembly and order the protesters to disperse.

COMPLAINT

37.   On July 23, 2020, at approximately 8:36 p.m. in the area of Santa Monica Boulevard and Walden Dr., in the City of Beverly Hills, BUTLER was lawfully and peacefully exercising his right to assemble and protest.

38.   At that time and location, BUTLER was forcibly apprehended by multiple BHPD Officers, DOES 1-10.

39.   BUTLER did not resist arrest or confront the officers in any way.

40.   BUTLER was forcibly placed in handcuffs and had his body immobilized and restrained by two BHPD officers, DOES 1-2. The BHPD officers proceeded to use unnecessary and unreasonable force against BUTLER.

41.   The BHPD officers violently slammed BUTLER to the ground and pushed his face into the concrete roadway while placing a knee on the back of BUTLER'S neck. BUTLER was then further restrained by four BHPD officers, DOES 3-6, where he was violently slammed into a patrol car.

42.   There was no probable cause to detain and arrest BUTLER.

43.   It is clear that BHPD officers, DOES 1-6 targeted BUTLER and ensured that he would be roughed up in the process.

44.   BHPD compounded the unlawful conduct by attempting to justify the arrest and violent detention of BUTLER, and upon information and belief DOES 1-15 by submitted fabricated police reports to the Los Angeles District Attorney for filing of felony criminal charges for assault on a peace officer.

45.   BHPD used the fabricated story that BUTLER was arrested "assault on a police officer" in the media. In a statement given to the press on July 23, 2020, Beverly Hills Public Information Officer Keith Sterling announced that "at least one person was arrest for assault on a police officer."

46.   The Los Angeles District Attorney declined to charge and prosecute BUTLER on the clearly fabricated and unsupportable allegations of felonious conduct for assault on a police officer. BUTLER was engaging in a completely non-violent, passive protest.

47.     After spending multiple hours in custody BUTLER was released. He has not been charged with any criminal offenses for any conduct on July 23, 2020.

**FIRST CAUSE OF ACTION**

**(Fourth Amendment to the U.S. Constitution – Unreasonable Detention and Arrest)**

**(42 U.S.C. § 1983)**

**(Against Defendants Does 1-50)**

48.     PLAINTIFF repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

49.     Defendants DOES 1 through 50 caused PLAINTIFF to be detained and arrested in violation of his rights to be secure in their person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the laws of the State of California, and under the Constitution of the United States.

50.     Defendants DOES 1 through 50 violated PLAINTIFF'S Fourth Amendment right to be free from unreasonable detention, seizure, and arrest when they detained and arrested PLAINTIFF without any justification or probable cause on June 26, 2020, and July 23, 2020.

51.     On June 26, 2020, and July 23, 2020. Defendants, including DOES 1 through 50, acting in their individual and/or representative capacity and in the course and scope of their employment with Defendant CITY, acting under color of law, with the absence of probable cause, violated the Constitutional Rights of PLAINTIFF by seizing their person and arresting them. Defendants' actions were objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

52.     As a direct and proximate result of the actions of Defendants, in unlawfully detaining and arresting PLAINTIFF, they caused PLAINTIFF to sustain losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

53.   As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

54.   The conduct of the Defendants, including BHPD Deputies, sergeants or employees of the Defendant CITY, including DOES 1 through 50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including BHPD Deputies, sergeants or employees of the Defendant CITY, including Defendants DOES 1 through 10.

55.   PLAINTIFF is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

## SECOND CAUSE OF ACTION

**(Fourth Amendment to the U.S. Constitution – Excessive Force)**

**(42 U.S.C. § 1983)**

**(Against Defendants DOES 1-10)**

56.   PLAINTIFF repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

57.   PLAINTIFF was unjustifiably detained and subjected to the excessive use of force by Defendants DOES 1 through 50. Defendants DOE Officers violently attacked PLAINTIFF through the use of unnecessary and excessive force while detaining and arresting PLAINTIFF on July 23, 2020. The Defendant BHPD officers violently slammed PLAINTIFF to the ground and pushed his face into the concrete roadway while placing a knee on the back of PLAINTIFF'S neck. PLAINTIFF was then further violently slammed into a patrol car.

58.   The violent detention and arrest occurred all while PLAINTIFF posed no threat to Defendants DOE Officers or any of the other officers at the location.

59.   The foundation of the Fourth Amendment is reasonableness. The excessive force used by Defendants DOES 1 through 50, was fundamentally

unreasonable and in violation of PLAINTIFF'S Fourth Amendment right to be secure in their person against an unreasonable searches and seizures and the use of excessive force.

60.     As a direct and proximate result of the actions of Defendants, including BHPD Deputies, Sergeants or employees of Defendant CITY, including DOES 1 through 50, in using unreasonable and excessive force on PLAINTIFF, they caused PLAINTIFF physical and emotional injury. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, PLAINTIFF sustained losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

61.     As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

62.     The conduct of the individual Defendants, including BHPD Deputies, sergeants or employees of the Defendant CITY, including DOES 1 through 50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including BHPD Deputies, sergeants or employees of the Defendant CITY, including Defendants DOES 1 through 50.

63.     PLAINTIFFS is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

### **THIRD CAUSE OF ACTION**

**(First Amendment to the U.S. Constitution)**

**(42 U.S.C. § 1983)**

**(Against All Defendants)**

64.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

65.     Defendants above-described conduct violated PLAINTIFF'S rights to

freedom of speech, assembly and association under the First Amendment to the United States Constitution.

66.     On June 26, 2020, and July 23, 2020, PLAINTIFF was participating in a lawful assemblies and protests that posed no threat or harm to the police or community.

67.     On both occasions, the CITY relied on an unconstitutional CITY order to engage in mass arrests of and use of force against peaceful protesters, including PLAINTIFF.

68.     As a direct and proximate result of the actions of Defendants, including BHPD Deputies, Sergeants or employees of Defendant CITY, including DOES 1 through 50, in using unreasonable and excessive force on PLAINTIFF, they caused PLAINTIFF physical and emotional injury. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, PLAINTIFF sustained losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

69.     As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

70.     PLAINTIFFS is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

## FOURTH CAUSE OF ACTION

**(PROCEDURAL AND SUBSTANTIVE DUE PROCESS THROUGH MALICIOUS PROSECUTION/FABRICATION OF EVIDENCE)**

**(42 U.S.C. § 1983)**

**(Against All Defendants)**

71.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

COMPLAINT

72.    This action is brought pursuant to 42 U.S.C § 1983 and the Fourteenth Amendment of the United States Constitution for violation of PLAINTIFF's procedural and substantive due process rights.

73.    The due process clause of the Fourteenth Amendment grants PLAINTIFF both substantive and procedural due process rights which were violated when BHPD officers fabricated evidence resulting in PLAINTIFF'S unlawful arrest and false imprisonment.

74.    As alleged hereinabove, on July 23, 2020, PLAINTIFF was arrested on the fabricated grounds that he assaulted a police officer.

75.    BHPD Officers knowingly violated California Penal Code Section 118.1 by knowingly submitting materially false police reports made with materially false statements to the Los Angeles County District Attorney.

76.    As a direct and proximate result of the actions of Defendants, including BHPD Deputies, Sergeants or employees of Defendant CITY, including DOES 1 through 50, in using unreasonable and excessive force on PLAINTIFF, they caused PLAINTIFF physical and emotional injury. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, PLAINTIFF sustained losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

77.    As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

78.    PLAINTIFFS is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof

## FIFTH CAUSE OF ACTION

### (Municipal Liability)

### (42 U.S.C. § 1983)

**(Against Defendant City of Beverly Hills)**

79.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

80.     Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the BHPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

81.     At all times herein mentioned, DOE Defendants, and each of them, were employees acting under the CITY'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the CITY.

82.     Defendant CITY knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of dishonesty and crimes of violence, each ratified and approved by Defendant CITY.

83.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY and BHPD, namely, employing officers after they have displayed acts of brutality and dishonesty, and failing to train and

discipline such officers constitute a widespread problem and include, but are not limited to:

(1) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees and refused to enforce established administrative procedures to ensure the safety of detainees and arrestees. Specifically, CITY, had knowledge that Defendant DOES 1-50, inclusive and each of them, had in the past committed acts of police abuse, dishonesty and prevarication against members of the public, most of them members of protected minority classes, and nevertheless failed to punish its officers who violated law and their own policy, and failed to train its officers to avoid such avoidable constitutional violations;

(2) In *Williams v. City of Beverly Hills et. al.* Case No. 21STCV31949 – Superior Court Los Angeles County, on August 30, 2021, a class-action lawsuit was filed against the City of Beverly Hills for the CITY's racially biased Task Force "Operation Safe Street" which resulted in a large scale operation by the BHPD to unlawful arrest, use excessive force and maliciously prosecute on false charges African Americans within the City. "Operation Safe Street" resulting in the arrest of 106 people between March 1, 2020 and July 1, 2020. Of the 106 arrestees, 105 were African American and one Latino who appeared to be Black.

(3) The lead Plaintiffs in the class-action, Jasmine Williams and Khalil White were visiting the CITY on vacation. Williams and White were detained by BHPD for no reason other than their race. When Williams and White questioned the unlawful detention by the BHPD Officers, they were subsequently arrested and the BHPD Officers fabricated evidence in order to justify their unlawful arrest. All of the fabricated charges against Williams and White were dropped.

COMPLAINT

(4) Defendant CITY had knowledge that on August 15, 2019, BHPD Officers unlawfully arrested and used excessive force against Shahen Safae Manesh. The incident on August 15, 2019, began as a routine traffic stop that BHPD Officers unlawfully escalated into a physical altercation whereby they used a chokehold to slam Manesh to the hood of a car. BHPD Officers unlawfully arrested Manesh and falsified his police report after the fact. Additionally, when other BHPD officers arrived at the scene, the arresting BHDP Officers boasted about the use of force much to the encouragement of the other BHPD Officers. (*Manesh v. City of Beverly Hills, et al*. Case No. 2:20-cv-07427 – Central District of California).

(5) Similarly, on December 10, 2017 BHPD officers unlawfully entered the home of a 72-year-old woman while she was asleep, unlawfully arrested her, used excessive force and fabricated police reports to justify their actions. (*Rachel Nazarian v. City of Beverly Hills*, et. al 2:19-cv-04391.)

(6) Other similar examples include the unlawful detention and arrest in March 2015 by BHPD officers of Brian Goldberg, the President of the Beverly Hills Unified School District, as retaliation for his exposure of BHPD's corrupt practices and pay-offs to the BHPD by a private security company to get a contract. With knowledge of his status and lack of criminal history, the BHPD held him in custody on a misdemeanor battery and did not offer him a release under Cal. PC 853.6. The BHPD officers initiated the arrest and detention of Goldberg with knowledge that the complaint was fabricated. (*Goldberg v. City of Beverly Hills*, et al. Case No. BC653089; 2:17-cv-09226-AB-GJS;

https://www.courthousenews.com/ex-school-boss-accuses-beverly-hills-cops-vendetta/)

(7) Similarly, BHPD officers, falsely arrested, detained and subjected to excessive force married couple Rachel Clentworth and Geoffrey Maddock

in July 2015. The couple was driving in the city when the BHPD officers made a high-risk felony stop, with guns drawn. The couple was ordered out of the car, without being told the reason for the stop, tightly handcuffed, made to sit in a patrol car without A/C with closed windows, then on the curb in the July heat. After a prolonged detention and search of their belongings without a warrant, where they were subjected to excessive force, humiliation, fear, they were told they were detained on a suspicion of gift card fraud based on a generic report by CVS pharmacy after an entirely legal purchase by the couple. (*Clentworth et al. v. City of Beverly Hills, et al*. 2:16-cv-05501-RGK-SS)

(8) Similarly, BHPD officers unlawfully searched and seized Gary Klein on false accusations of his wife's murder in 2009 without any legal basis and/or evidence. In the period of 2009-2011 the BHPD officers continuously harassed, threatened, intimidated and subjected Plaintiff Klein and his family to a bogus criminal investigation by multiple unlawful raids/searches of his and his family homes, seizures and interrogations. After he complained to the Internal Affairs of BHPD, no action was taken to investigate or solve the problem. (*Klein v. City of Beverly Hills, et al*. 2:13-cv-00110-JFW-VBK)

(9) Similarly, BHPD officers unlawfully seized and arrested Karl Huber in April 2011 at his own apartment. His girlfriend was accosted by a BHPD officer in the apartment hallway and when she dialed 911 to report the assault, she was further detained and assaulted by the BHPD officers who forcefully followed her into the apartment without a warrant, by breaking the door. When Karl Huber asked them for a warrant, they viciously and maliciously attacked, brutalized and arrested him on false charge of resisting police. He was then maliciously prosecuted by BHPD officers after they falsified probable cause declaration and police report until the

case was dismissed by the criminal judge. (*Huber v. City of Beverly Hills, et al.* 2:12-cv-03293-GHK-JEM).

(10)   BHPD officers similarly unlawfully detained and arrested African-American television producer Charles Belk in August 2014, as he was walking towards his car. He was detained for four hours, denied the right to a phone call, and made to sit on the curb in handcuffs. He was mistakenly identified as a bank robber. (https://www.afro.com/beverly-hills-police-apologize-for-wrongful-arrest-of-prominent-black-film-producer/)

(11)   Defendant CITY and BHPD employed and retained Police Chief Sandra Spagnoli from 2016 until April 2020. Chief Spagnoli was employed as the Chief of the Beverly Hills Police Department at the time of the incident set forth in this Complaint. Defendant City employed Chief Spagnoli with knowledge as of December 2016 she had been a subject of multiple complaints/lawsuits by employees for discrimination, harassment and/or retaliation, and by citizens for egregious civil rights violations at different police departments in her capacity both as a peace officer and chief. Civil rights allegations against Chief Spagnoli included inadequate training/supervision and refusal to enforce well-established policies, that continued through her tenure at BHPD. Defendant City and BHPD failed to do proper background investigation under Cal. Gov. Code §1031 and ratified the repeated misconduct by Chief Spagnoli, promoting complete lack of morale and accountability among the BHPD rank and file, which has resulted in deprivation of rights to Plaintiff and other detainees and citizens of the city. As a result of Chief Spagnoli's blatant discriminatory leadership and practices, Defendant CITY has paid more than $7.3 million in lawsuit settlements related to Chief Spagnoli's misconduct. Instead of taking any disciplinary action against Chief Spagnoli, Defendant CITY

hired a Harvey Weinstein's PR Firm to protect and insulate Chief Spagnoli. Defendant CITY allowed Chief Spagnoli to remain in charge of the BHPD until her retirement in April 2020. *See e.g.*
https://www.lamag.com/citythinkblog/beverly-hills-has-doled-out-7-3-million-to-settle-lawsuits-against-its-police-chief/;
https://www.lamag.com/article/beverly-hills-police-sandra-spagnoli-retires/; *Doe v. City of Beverly Hills*, et al. Case No. 19STCV00435, LA Superior Court; Rosen v. City of Beverly Hills, et al. Case No. BC654772, LA Superior Court; *Schwartz v. City of Beverly Hills, et al.* Case No. BC708786, LA Superior Court; *Moreno et al. v. City of Beverly Hills, et al.* Case No. BC687003, LA Superior Court;

(12)   Defendant CITY failed to do proper background investigations of Defendant Officers under Cal. Gov. Code Section 1031 before hiring for employment as sworn peace officers.

(13)   Defendant CITY refused to take citizen complaints and adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct (https://mrcheckpoint.com/a-lawyer-tries-to-file-a-complaint-on-a-police-officer-at-beverly-hills-police-department/);

(14)   Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Defendants and other BHPD officers;

(15)   Defendant CITY, BPD and CHIEF SPAGNOLI reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(16)   Defendant CITY covered up acts of misconduct and abuse by BHPD officers and sanctioned a code of silence by and among officers;

(17)   Defendant CITY rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(18)   Defendant CITY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(19)   Defendant CITY failed to adequately supervise the actions of officers under their control and guidance;

(20)   Defendant CITY condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the City of Beverly Hills, BHPD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(21)   Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by June 26, 2020 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and BHPD.

84.   By reason of the aforementioned policies, customs, practices and usage, PLAINTIFF's rights under the Fourth and Fourteenth Amendments to the United States Constitution were deprived.

85.   As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendant and each of them, PLAINTIFF suffered physical injury as well as extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

86.   PLAINTIFF is entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

## SIXTH CAUSE OF ACTION

COMPLAINT

**(Violation of Plaintiff's Civil Rights Under California State Law)**

**(Violation of Civil Code §§ 51 et. seq. and 52)**

**(Against all Defendants)**

87.    PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

88.    This action is brought pursuant to §§ 51 et. seq. and 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOES 1 through 50, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

89.    Pursuant to Cal. Govt. Code §815.2, Defendant CITY is hereby liable for the acts, omissions, and conduct of its employees Defendants Does 1-50 whose tortious conduct was a cause in the damages and injuries to PLAINTIFF.

90.    Defendants acted violently towards PLAINTIFF to retaliate for PLAINTIFF asserting his legal rights. PLAINTIFF was the founder of Black Future Project and in that role had organized multiple peaceful and lawful assemblies in the CITY. PLAINTIFF specifically organized protests against the City of Beverly Hills based on the CITY's history of racial discriminatory practices against African Americans. Furthermore, PLAINTIFF was outspoken against the CITY in multiple local and national media outlets.

91.    As a result, PLAINTIFF became a target of the CITY and BHPD. On July 23, 2020 BHPD Officers specifically targeted PLAINTIFF for a violent detention and arrest and attempted to have him imprisoned on fabricated charges. PLAINTIFF suffered physical and emotional harm as a result of Defendants actions.

92.    Defendants intended to deprive PLAINTIFF of his enjoyment of his interests protected by his legal rights to speak out against the CITY and to organize and participate in lawful assemblies and protests within the CITY.

COMPLAINT

93.     Defendants conduct was a substantial factor in causing physical and emotional harm to PLAINTIFF.

94.     At all times mentioned herein, Defendants including BHPD Deputies, Sergeants or employees of Defendant CITY, including Defendants DOES 1 through 50, inclusive, were acting within the course and scope of their employment and/or agency with Defendant CITY. As such Defendant CITY is liable in respondent superior for the injuries caused by the acts and omissions of Defendants including BHPD Deputies, Sergeants, or employees of CITY, including Defendants and DOES 1 through 50, inclusive, pursuant to section 815.2 of the California Government Code.

95.     The conduct of the individual Defendants, including DOES 1 through 50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendants DOES 1 through 50.

96.     As such, PLAINTIFF is entitled to compensatory damages in an amount according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages against the individual DOES 1-50 and the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the Court deems proper.

## SEVENTH CAUSE OF ACTION

### (Battery)

### (Against All Defendants)

97.     PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

98.     Defendants DOES 1 through 50, inclusive, while working as BHPD Police Officers, employees, for CITY, and acting within the course and scope of

their duties, intentionally caused physical harm to PLAINTIFF without his consent through the use of excessive force against PLAINTIFF in the detention and arrest of PLAINTIFF on July 23, 2020.

99.   Defendants DOES 1 through 50, inclusive, while working as BHPD Police Officers, employees for CITY, and acting within the course and scope of their duties, had no legal justification for using force against PLAINTIFF and the use of force was outrageous, excessive and unreasonable.

100.   At all times herein mentioned, law enforcement officers in California were only allowed to use necessary force reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants DOES 1 through 50, inclusive, committed an unconsented touching of PLAINTIFF and battered him when they used outrageous, unreasonable and excessive force in the process of unlawfully arresting and detaining him.

101.  Defendant CITY is vicariously liable for the wrongful acts of Defendants including BHPD Police Officers, employees, for CITY and DOES 1 through 50, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

102.   As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

103.   The conduct of the individual Defendants DOES 1 through 50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant DOES 1-50.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH CAUSE OF ACTION

### (False Imprisonment)

### (Against All Defendants)

104.   PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

105.   On June 26, 2020, and July 23, 2020, PLAINTIFF was wrongfully, maliciously, and violently, confined against his will through actual force for an appreciable amount of time without his consent or legal or probable cause by Defendant CITY and Does 1-50.

106.   On July 23, 2020 Defendant DOES 1-50 violently and through the use of unnecessary and excessive force detained and arrested PLAINTIFF.

107.   As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

108.   The conduct of the individual Defendants, including Defendants Does 1-50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant Does 1-50.

## NINTH CAUSE OF ACTION

### (Unlawful Arrest)

### (Against All Defendants)

109.   PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

110.   PLAINTIFF alleges that on June 26, 2020 and July 23, 2020, Defendants DOES 1-50 held him against his will, detained him, handcuffed him, arrested him and took him to jail absent any reasonable suspicious and/or probable cause or warrant.

COMPLAINT

111.   Defendants DOES 1 through 50, inclusive, were duly authorized employees and agents of Defendant CITY, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as officers and law enforcement agents and with the complete authority and ratification of their principal, Defendant CITY.

112.   PLAINTIFF had a liberty interested created by California Penal Code Section 853.6 to be cited and released for a misdemeanor violation absent specific information and individualized suspicious that he would immediately repeat the allegedly unlawful conduct if promptly released and not subjected to a prolonged detention.

113.   PLAINTIFF was denied his mandatory liberty interest under Penal Code Section 853.6 when he was detained, handcuffed, arrested, and taken to the Beverly Hills Jail where he was detained for a prolonged period on both June 26, 2020, and July 23, 2020.

114.   Even if assuming, *arguendo*, that PLAINTIFF committed a misdemeanor offense there was no justification or explanation for why PLAINTIFF needed to be detained and taken to the Beverly Hills Jail as opposed to being cited and released as required by California Penal Code Section 853.6.

115.   Defendant DOES 1-10 are liable for unlawful arrest under California law. Government Code section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

116.   Defendant CITY is vicariously liable for the wrongful acts of Defendants including BHPD Officers or employees of CITY, including Defendants DOES 1 through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would

subject him or her to liability.

117.   As a direct and proximate result of the actions of Defendants, their actions were a substantial factor causing PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

118.   The conduct of the individual Defendants, including Defendants Does 1-50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendant Does 1-50.

**TENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

119.   PLAINTIFF repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

120.   At all times herein mentioned, the actions and inactions of Defendants DOES 1 through 50, inclusive, were outrageous, negligent and reckless.

121.   Defendants DOES 1 through 50 acted intentionally and/or recklessly and/or negligently and engaged in outrageous conduct when they engaged in the unlawful detention and arrest of PLAINTIFF and the use of excessive and unnecessary force in securing the unlawful arrest.

122.   The actions of Defendants DOES 1 through 50, were outrageous conduct and was intended to or was reckless in causing PLAINTIFF to suffer severe emotional distress.

123.   As a direct and proximate result of the actions of Defendants, DOES 1 through 50, in engaging in outrageous conduct and in engaging in their intentional, reckless or negligent behavior towards PLAINTIFF.

124.   Defendant CITY is vicariously liable for the wrongful acts of Defendants DOES 1 through 50, inclusive, pursuant to section 815.2(a) and 820 of

COMPLAINT

the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

125.   Defendants caused PLAINTIFF to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

## **PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against Defendants as follows:

1.  For general, compensatory, special and consequential damages in an amount according to proof;

2.  For punitive damages against the individual defendants in an amount to be proven at trial;

3.  For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §1988;

4.  For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act - California Civil Code Sections 51 and 52 and other state statutes;

5.  For all other damages allowed under federal and state law;

6.  For costs of suit incurrec herein;

7.  For pre-judgement and post-judgement interest according to proof; and

8.  For such other and further relief as the Court may deem just and necessary.


DATED:  September 24, 2021

**WILLIAMS AND SEEMEN, APLC**


                          /s/ Bart A. Seemen
By:   BART A. SEEMEN, ESQ.
      *Attorneys for PLAINTIFF,*
      JAMES BUTLER

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2     PLAINTIFF hereby demands trial by jury on all issues so triable in the Complaint.

3     DATED: September 24, 2021

4                                             **WILLIAMS AND SEEMEN, APLC**

5                                                  /s/ Bart A. Seemen

6                                             By:    BART A. SEEMEN, ESQ.

7                                                    ***Attorneys for PLAINTIFF,***
                                                     JAMES BUTLER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT